

## IN THE MUSKINGUM COUNTY COURT OF COMMON PLEAS

**WAYNE PRECHTL**
184 Cross Road
Saint Marys, Pennsylvania 15857

and

**RITA PRECHTL**
184 Cross Road
Saint Marys, Pennsylvania 15857

       Plaintiffs,

v.

**JEREMY SODDERS**
306 Windgate Court
Clayton, Ohio 45315

and

**GLS LEASCO, INC.**
c/o Cogency Global, Inc.
15205 Traditions Lake Parkway
Edmond, Oklahoma 73013

and

**CENTRAL TRANSORT, LLC**
12225 Stephens Road
Warren, MI 48089

       Defendants.

Case No: CC 2019-0277

Judge: JUDGE FLEEGLE

**COMPLAINT**

**JURY DEMAND ENDORSED HEREON**

1

## PARTIES

1. Plaintiffs, Wayne Prechtl ("Plaintiff") and Rita Prechtl (collectively referred to herein as "Plaintiffs"), are and have been at all times mentioned herein, residents of the State of Pennsylvania.

2. Defendant, Jeremy Sodders ("Defendant Sodders"), is and has been at all times mentioned herein, a resident of the State of Ohio.

3. Defendant GLS Leasco, Inc. (hereinafter referred to as "GLS Leasco") is a commercial trucking business existing pursuant to the laws of the state of Oklahoma and is subject to the Federal Motor Carrier Safety Regulations as an interstate trucking company and/or is a commercial truck leasing company and is the lessor and/or lessee of the 2018 Peterbilt tractor and box-trailer driven by Defendant Sodders at the time of the collision and/or omissions alleged herein.

4. Defendant Central Transport, LLC ("Central Transport") is a commercial trucking business existing pursuant to the laws of the state of Michigan and is subject to the Federal Motor Carrier Safety Regulations as an interstate trucking company and/or is a commercial truck leasing company and is the lessor and/or lessee of the 2018 Peterbilt tractor and box-trailer driven by Defendant Sodders at the time of the collision and/or omissions alleged herein.

5. Defendant Sodders was the agent, servant or employee of GLS Leasco and/or Central Transport and was acting within the normal course and scope of the duties of his employment and/or agency as a professional truck driver at the time of the collision and/or omissions alleged herein.

## FACTS COMMON TO ALL

6. On October 05, 2017, Plaintiff was stopped in westbound traffic on I-70 in the township of Union, Muskingum County, Ohio, in his 1997 C6T truck and trailer.

7. At the same time and place, Defendant Sodders was operating a 2018 Peterbilt tractor and box-trailer, with a vehicle weight of more than 26,000 pounds, in the left lane behind Plaintiff at a speed of 65 mph.

8. Defendant Sodders operated the 2018 Peterbilt tractor and box-trailer and became distracted by an external object, took his eyes off of the roadway in front of him – in violation of all driving norms for professional interstate truck drivers.

9. Due to his distracted behavior, Defendant Sodders failed to notice and appreciate the stopped and/or slowed traffic on westbound I-70 in front of his 2018 Peterbilt tractor and box-trailer.

10. The stretch of I-70 wherein the above-mentioned actions and/or omissions took place presented no visual difficulties or obstructions for Defendant Sodders had he been looking forward on the roadway and nothing – other than his self-imposed conscious distraction - prevented Defendant Sodders from seeing the stopped and/or slowed traffic conditions in front of his tractor and box-trailer.

11. Due to his negligent, wanton, reckless, and conscious disregard to the traffic conditions in front of his tractor and box-trailer and/or operation of this tractor and box-trailer, Defendant Sodders crashed into a 2015 Silver Nissan and pushing the Nissan into a 2013 White Porsche Cayenne before it was forced off of the highway along with the Porsche.

12. Then and there, Defendant Sodders tractor and box-trailer continued to plow through traffic striking Plaintiff's truck in the rear and forcing it off the highway from a dead-stop.

13. The collision caused significant damage to the left rear of Plaintiff's truck and severely injured Plaintiff as a result.

14. Defendant Sodders violated several Ohio driving laws and was cited for violating O.R.C. 4511.21A. Defendant Sodders pled guilty to the charge of violating O.R.C. 4511.21A in the Muskingum County Court, Case No. TRD 1705787.

## FIRST CAUSE OF ACTION
(Negligence - Defendant Sodders)

15. Plaintiffs hereby incorporate by reference all of the allegations set forth above in paragraphs 1 through 14, as if fully set forth herein.

16. Defendant Sodders negligently, recklessly, and wantonly violated several requirements of the Ohio Revised Code, including but not limited to, the following:

    A. Failure to operate his vehicle in a proper and safe manner for the conditions then existing;
    B. Failure to keep proper lookout and notice of other traffic; and
    C. Failure to maintain an assured clear distance ahead.

17. Defendant Sodders had a duty to operate his vehicle in a reasonably safe manner.

18. Defendant Sodders breached that duty and is therefore negligent.

19. As a direct and proximate result of the negligence of Defendant Sodders, Plaintiff sustained injuries, aggravations and accelerations of injuries, including but not limited to his neck, shoulder, and arm, necessitating medical attention. This trauma resulted in Plaintiff having to undergo extensive medical testing and treatment subjecting him to great emotional stress and strain, pain, humiliation and embarrassment. His ability to maintain and enjoy a normal life has

been permanently impaired. Plaintiff has incurred and will continue to incur pain, suffering, and mental anguish into the future.

20. As a result of these injuries, Plaintiff has incurred reasonable and necessary medical and hospital expenses in a sum presently in excess of Sixteen Thousand Dollars ($16,000.00) and will continue to incur additional medical specials into the future.

21. As a direct and proximate result of the negligence of Defendant Sodders, and the injuries that Plaintiff sustained because of Defendant's negligence, Plaintiff suffered lost wages and lost future wages and earning capacity as he is unable to return to work and perform his job functions.

## SECOND CAUSE OF ACTION
(Consortium Claim)

22. Plaintiffs hereby incorporate by reference, all the allegations set forth above in Paragraphs 1 through 21 as if fully set forth herein.

23. By reason of the injuries to her husband as alleged above, Plaintiff Rita Prechtl has suffered a loss of consortium, conjugal fellowship and society, since the day of the collision, and has been deprived of his aid and cooperation in maintaining a normal life.

## THIRD CAUSE OF ACTION
(Vicarious Liability/Respondeat Superior – GLS Leasco and/or Central Transport)

24. Plaintiffs hereby incorporate by reference, all the allegations set forth above in Paragraphs 1 through 23 as if fully set forth herein.

25. Pursuant to the doctrine of vicarious liability and/or *respondeat superior*, GLS Leasco and/or Central Transport is responsible for the negligence, recklessness and/or maliciousness of Defendant Sodders who, at all times relevant hereto, was acting in the course and scope of his employment and/or agency with GLS Leasco, and/or Central Transport.

26. As a direct and proximate result of Defendant Sodders' negligence, recklessness and/or maliciousness Plaintiff sustained injuries to his neck, shoulder, and arm, necessitating medical treatment. This trauma resulted in Plaintiff having to undergo extensive medical testing and treatment and hospital confinement, subjecting him to great emotional stress and strain, pain, humiliation and embarrassment. His ability to maintain and enjoy a normal life has been permanently impaired. Plaintiff's injuries are permanent, and he has incurred and will continue to incur pain, suffering and mental anguish into the future.

27. As a result of these injuries, Plaintiff has incurred reasonable and necessary medical and hospital expenses in a sum presently in excess of Sixteen Thousand Dollars ($16,000.00) and will continue to incur additional medical specials into the future.

28. As a direct and proximate result of the negligence of Defendant Sodders, and the injuries that Plaintiff sustained because of Defendant's negligence, Plaintiff suffered lost wages and lost future wages and earning capacity as he is unable to return to work and perform his job functions.

WHEREFORE, Plaintiffs request the following relief:

A. As to the First and Third Claims, Plaintiff demands judgment against Defendants for damages and costs in excess of Twenty-Five Thousand Dollars ($25,000.00);

B. As to the Second Claim, Plaintiff Rita Prechtl demands judgment against Defendants for damages and costs in excess of Twenty-Five Thousand Dollars ($25,000.00); and

C. Any and all such other relief as this Court deems just and equitable.

Respectfully submitted,

GRAHAM & GRAHAM CO., L.P.A.

_____
Stephen R. McCann (0012370)
Travis M. Jones (0091059)
Attorneys for Plaintiffs,
Graham Law Building
17 N. 4th Street
P.O. Box 340
Zanesville, OH 43702-0340
Telephone: (740) 454-8585
Facsimile: (740) 454-0111
srmccann@grahamlpa.com

## JURY DEMAND

Plaintiffs respectfully request that all issues herein be tried to a jury.

_____
Stephen R. McCann (0012370)
Travis M. Jones (0091059)
Attorney for Plaintiffs

## INSTRUCTIONS FOR SERVICE

**TO THE CLERK:**

Please issue Summons and a copy of the Complaint herein to Defendants at the addresses set forth in the caption hereof, by certified mail, return receipt requested.

*/s/ Travis Jones*
Stephen R. McCann (0012370)
Travis M. Jones (0091059)
Attorney for Plaintiffs